55 F.3d 684
 312 U.S.App.D.C. 119
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Willie T. BIRDEN, Appellant
 No. 94-3109.
 United States Court of Appeals, District of Columbia Circuit.
 May 8, 1995.
 
 Before: Williams, Randolph, and Tatel, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for an opinion. See D.C. Cir. Rule 36(b). It is
 
 
 2
 ORDERED AND ADJUDGED that appellant's conviction be affirmed. Police testimony, which the district court found credible, established that appellant voluntarily consented to a search of his person. See United States v. Rodney, 956 F.2d 295, 297-98 (D.C. Cir. 1992). When, during the search, the police officer encountered what experience led him to conclude was tape, which seemed to hold to Birden's thigh a hard, lumpy object, the officer was justified in squeezing the lump to ascertain if it was in fact an illegal drug. Compare Minnesota v. Dickerson, 113 S. Ct. 2130, 2138 (1993) ("manipulating the contents of defendant's pocket" violative of the Fourth Amendment because the officer was limited to a search for weapons). The subsequent search of appellant's bag was conducted incident to appellant's lawful arrest, and therefore legal. See United States v. Robinson, 414 U.S. 218, 224 (1973) ("a search may be made of the person of the arrestee by virtue of the lawful arrest").
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C. Cir. Rule 41.